**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EARL STERLING BARRINGER                     *
5455 Madison Way, Apt. 12                   *
Hyattsville, Maryland 20784                 *
                                            *
        and                                 *
                                            *
MARK BEAUFORD                               *
1614 D Street, S.E.                         *
Washington, DC 20003                        *
                                            *
        and                                 *
                                            *
CALVIN DOE                                  *
6980 Maple Street, NW, Apt. 15              *
Washington, DC 20012                        *
                                            *
        and                                 *
                                            *
CLYDE BERKLEY STROMAN, JR.                  *
11000 Bennington Drive                      *
Upper Marlboro, Maryland 20774              *
                                            *
        and                                 *
                                            *
LORRETTA SHIRLEE THOMAS                     *
5508 Belva Street                           *
Lanham, Maryland 20706                      *
                                            *
        and                                 *
                                            *
VANESSA LYNETTE TOYE                        *
3516 Dakota Avenue, NE                      *
Washington, DC 20013                        *
                                            *
        and                                 *
                                            *
DAMEIN WELLS                                *
1906 Cavalier Circle                        *
Crofton, Maryland 21114                     *
                                            *
        and                                 *
                                            *
                                            *

LESLIE WILLIAMS                          *
4403 C Street, SE                        *
Washington, DC 20019                     *
                                         *
    and              *
                                         *
ROBERT LEE WILLIAMS                      *
5500 Ruxton Drive                        *
Lanham, Maryland 20706                   *
                                         *
***On Behalf of Themselves and***        *
***All Others Similarly Situated***      *
                                         *
    PLAINTIFFS,       *
                                         *
    v.                *        Case No.: _____
                                         *
U.S. ONE TRANSPORTATION,                 *
a Sole Proprietorship                    *
10104 Senate Drive, Suite 227            *
Lanham, Maryland 20706                   *
                                         *
    SERVE:  Olatunde Atanda-Owo          *
           10104 Senate Drive, Suite 227   *
           Lanham, Maryland 20706          *
                                         *
    and              *
                                         *
MODUPE AYODEJI ATANDA-OWO                *
16109 Eastlawn Court                     *
Bowie, Maryland 20716                    *
                                         *
    and              *
                                         *
OLATUNDE ATANDA-OWO                      *
16109 Eastlawn Court                     *
Bowie, Maryland 20716                    *
                                         *
    and              *
                                         *
                                         *
GANIYU ATANDA-OWO                        *
16109 Eastlawn Court                     *
Bowie, Maryland 20716                    *

    and

MV CONTRACT TRANSPORTATION, INC.   *
360 Campus Lane, Suite 201          *
Fairfield, California 94585         *
                                    *
     SERVE:     C T Corporation System   *
                   1015 15th Street, N.W.   *
                   Suite 1000               *
                   Washington, DC 20005     *
                                    *
     DEFENDANTS.                    *
*********************************************************************

## COMPLAINT

Plaintiffs Earl Sterling Barringer ("Mr. Barringer"), Mark Beauford ("Mr. Beauford") Calvin Doe ("Mr. Doe"), Clyde Berkley Stroman, Jr. ("Mr. Stroman"), Lorretta Shirlee Thomas ("Ms. Thomas"), Vanessa Lynette Toye ("Ms. Toye"), Damein Wells ("Mr. Wells"), Leslie Williams ("Mr. L. Williams"), and Robert Lee Williams ("Mr. R. Williams") (collectively, "Plaintiffs"), by and through his undersigned counsel, on behalf of themselves and all others similarly situated, hereby complain against Defendants U.S. One Transportation, a Sole Proprietorship ("U.S. One"), Modupe Ayodeji Atanda-Owo ("Ms. Atanda-Owo"), Olatunde Atanda-Owo, ("Mr. O. Atanda-Owo") Ganiyu Atanda-Owo ("Mr. G. Atanda-Owo"), and MV Contract Transportation, Inc. ("MV") (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"); the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA"); the Maryland Wage Payment and Collection Law, Maryland Code, Labor and Employment Article §§ 3-501 *et seq*. (hereinafter "MWPCL"); the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq*. (hereinafter, "MWHL"); and for other damages as set forth below.

3

## PARTIES AND JURISDICTION

1.      Mr. Barringer, Mr. Stroman, Ms. Thomas, Mr. Wells, and Mr. R. Williams are adult residents of the State of Maryland. Mr. Beauford, Mr. Doe, Ms. Toye, and Mr. L. Williams are adult residents of the District of Columbia.

2.      U.S. One is a Sole Proprietorship formed under the laws of Maryland with its principal place of business in Bowie, Maryland. U.S. One is in the business of operating a Metro Access transportation service in Maryland and the District of Columbia. U.S. One was, at all times, relevant, a sub-contractor of MV. U.S. One, under the direction of MV, directs its employees to operate Metro-Access automobiles to transport children to and from school and adult individuals with disabilities to various appointments.

3.      MV is a Corporation formed under the laws of Delaware with its principal place of business in Fairfield, California. MV is in the business of operating a Metro Access transportation service in Maryland and the District of Columbia. At all times relevant, MV existed as a joint employer of Plaintiffs, with its sub-contractor U.S. One, to draft, originate, set, control, supervise, and oversee Plaintiffs' daily manifests, work schedules, and pay schedules. MV, with U.S. One, directed Plaintiffs' to perform their work duties of driving MV and U.S. One automobiles one routes pre-determined by MV and U.S. One to transport children to and from school and adult individuals with disabilities to various appointments.

4.      At all times, Ms. Atanda-Owo was the co-owner of U.S. One. On information and belief, at all times relevant, Ms. Atanda-Owo played a major and substantial role in determinations as to Plaintiffs' rate and method of pay.

5.      At all times, Mr. G. Atanda-Owo was the co-owner of U.S. One.  On information and belief, at all times relevant, Mr. G Atanda-Owo played a major and substantial role in determinations as to Plaintiffs' rate and method of pay.

6.      At all times, Mr. O. Atanda-Owo was the Chief Executive Officer of U.S. One.  At all times, Mr. O. Atanda-Owo was Plaintiffs' supervisor and played a substantial role in determinations as to Plaintiffs' rate and method of pay.

7.      At all times relevant, all Defendants, including U.S. One, MV, Ms. Atanda Owo, G. Atanda Owo, and O. Atanda Owo were all Plaintiffs' "employers" for purposes of the FLSA, DCWPA, MWHL, and MWPCL.

8.      During Plaintiffs' employment, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).  At all times relevant, Defendants qualified as "enterprises" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).  At all times relevant, Plaintiffs, and all other similarly situated individuals, were individual employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9.      This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question).  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

10.     Plaintiffs are all current and former employees of Defendants.  At all

times, Plaintiffs' primary job duty was to pick up and drop of Defendants' clients in

Defendants' Metro-Access automobiles.  At all times, Plaintiffs performed a substantial

amount of job duties in Maryland and the District of Columbia.

11.     Plaintiffs' approximate dates of employment are as follows:

| | |
|---|---|
| Mr. Barringer: | December 22, 2008 – January 6, 2010; |
| Mr. Beauford: | August 2008 – Present; |
| Mr. Doe: | March 2009 – Present; |
| Mr. Stroman: | August 2007 – April 20, 2010; |
| Ms. Thomas: | May 2006 – December 2009; |
| Ms. Toye: | April 2008 – Present; |
| Mr. Wells: | April 2009 – Present; |
| Mr. L. Williams: | February 2009 – July 2010; |
| Mr. R. Williams: | March 2007 – Present. |

12.     Throughout their employment, Defendants paid Plaintiffs pursuant to a

pay plan whereby Defendants paid Plaintiffs at the rate of $10.00 per trip for the first ten

(10) trips.  Thereafter, Defendants paid Plaintiffs at the rate of $5.00 per trip for each

subsequent trip.  It was Defendants practice that if Plaintiffs made a trip but Defendants'

client did not show up for the ride, Defendants refused to pay Plaintiffs any wages for

that trip.

13.     At all times, Plaintiffs' trip schedule and/or manifest was created solely by Defendants.  At no time did Plaintiffs have authority to unilaterally change the schedule or manifest.  At no time did Plaintiffs have the unilateral authority to refuse to make any pick up or drop off scheduled by Defendants on their schedule or manifest.

14.     Plaintiffs have worked overtime hours in excess of forty (40) for the great majority of the weeks Plaintiffs have been employed by Defendants.  At no time have Defendants ever paid Plaintiffs at the rate of one-and-one-half (1½) times their regular rate of pay for hours worked each week in excess of forty (40).  At no time did Plaintiffs perform work that would make them exempt from the FLSA or MWHL overtime pay requirement.

15.     At all times, Plaintiffs were employees of Defendants and were never independent contractors.

16.     Many times, Defendants took deductions from Plaintiffs' wages. Deductions made by Defendants from Plaintiffs' wages included, but were not limited to, usage of the radio, parking and traffic related tickets, and damage to Defendants' automobiles, late fees, and "no-show / no-call" fees.  At no time did Plaintiffs give Defendants permission to make deductions from Plaintiffs' wages.

## PUTATIVE PLAINTIFFS

17.     Plaintiffs are aware of other current and former employees of Defendants who are similarly situated in that they: (1) were, or are currently, employees of Defendants; (2) were not, or are not currently, paid as prescribed by law by Defendants; and (3) had their wages unlawfully withheld or deducted by Defendants.  Plaintiffs have knowledge that these individuals have not joined this suit because they fear that if they

join this action, Defendants will retaliate against them.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

18.     Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-17 above, as if each were set forth herein.

19.     Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

20.     Plaintiffs, and all others similarly situated, were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and all Defendants herein were Plaintiffs', and all others similarly situated, "employers" under § 207(a)(2). Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs for overtime hours worked at the FLSA overtime rate.

21.     Plaintiffs, and all others similarly situated, worked overtime hours in excess of forty (40) on a regular basis. Defendants, however, failed and refused to pay Plaintiffs, and others similarly situated, as required by the FLSA for overtime hours worked. Plaintiffs, and all other similarly situated, are entitled to, and are owed, overtime pay at the rate of one and one-half (1½) times their regular rate of pay for hours worked in excess of forty (40) in each work week.

22.     Defendants' failure and refusal to pay Plaintiffs and others similarly situated overtime compensation as required by the FLSA was willful and intentional, and not in good faith.

8

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs (and all others similarly situated who have joined in this suit) under Count I for all unpaid overtime wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
**Violation of D.C. Wage Payment and Wage Collection Act**

23.     Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-22 above, as if each were set forth herein.

24.     Plaintiffs, and others similarly situated, were "employees," and Defendants were "employers" of Plaintiffs and others similarly situated within the meaning of the DCWPA, D.C. Code §§ 32-1301 *et seq*. Under the DCWPA, Defendants, as employers of Plaintiffs and others similarly situated, were obligated to pay Plaintiffs and other similarly situated all wages owed and earned and due for work performed.

25.     Habitually, over the court of the employment of Plaintiffs and others similarly situated, Defendants made deductions from the pay of Plaintiffs and others similarly situated. Deductions made by Defendants included, but were not limited to, deductions for radio usage, parking and traffic related tickets, and damage to Defendants' automobiles, late fees, and "no show / no call" fees. These deductions made by Defendants reduced the amount of wages paid to Plaintiffs and others similarly situated and were never authorized by Plaintiffs or others similarly situated.

26.     Defendants' taking of deductions from the pay of Plaintiffs and others similarly situated, and failure and refusal to reimburse Plaintiffs and others similarly situated, resulted in a failure by Defendants to pay Plaintiffs and others similarly situated

all wages due and promised for worked performed as required by the DCWPA.

27.     Defendants' failure to pay all wages owed for work performed to Plaintiffs and others similarly situated was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and others similarly situated and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs (and all others similarly situated who have joined in this suit), under Count II, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

**COUNT III**
**Violation of Maryland Wage Payment and Collection Law**

28.     Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-27 above, as if each were set forth herein.

29.     Plaintiffs and all others similarly situated were "employees," and Defendants was their "employers" within the meaning of the MWPCL §§ 3-501, *et seq.* Under MWPCL § 3-505, Defendants, as the employers for Plaintiffs and others similarly situated, were obligated to pay Plaintiffs all wages due for worked performed by Plaintiffs. "Wage" is defined under MWPCL § 3-501(c) as "all compensation that is due to an employee for employment" including "a bonus; a commission; a fringe benefit; or any other remuneration promised for service." "Wage" under the MWPCL also specifically includes overtime wages.

30.     Plaintiffs and others similarly situated worked many overtime hours for which Defendants failed and refused to pay Plaintiffs and others similarly situated

overtime wages due and owing for work performed.  Defendants owe Plaintiffs and others similarly situated back wages in the amount of the unpaid overtime wages for services performed for which they were not paid.

31.     Additionally, over the court of the employment of Plaintiffs and others similarly situated, Defendants made deductions from the pay of Plaintiffs and others similarly situated.  Deductions made by Defendants included, but were not limited to, deductions for radio usage, parking and traffic related tickets, and damage to Defendants' automobiles, late fees, and "no show / no call" fees.  These deductions made by Defendants reduced the amount of wages paid to Plaintiffs and others similarly situated and were never authorized by Plaintiffs or others similarly situated.

32.     Defendants' failure and refusal to pay wages due to Plaintiffs and others similarly situated and Defendants' unauthorized deductions from the pay of Plaintiffs and others similarly situated were violations of the MWPCL and were willful and intentional, were not the result of any *bona fide* dispute between Plaintiffs and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs and all others similarly situated that join this action under Count III of Plaintiffs' Complaint for all unpaid overtime wages in such amounts as are prove at trial, plus three (3) times the amount of unpaid overtime wages as additional damages, interest (both pre- and post-judgment), reasonable attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT IV
### Violation of Maryland Wage and Hour Law

33.     Plaintiffs reallege and reassert each and every allegation set forth in

Paragraphs 1-32 above, as if each were set forth herein.

34.     Plaintiffs and others similarly situated were "employees" and Defendants

were Plaintiffs and others similarly situated "employers" within the meaning of MWHL.

As "employers", Defendants were obligated to pay Plaintiffs and others similarly situated

overtime compensation under § 3-415 and § 3-420 of the MWHL.  These sections require

Defendants to pay Plaintiffs and others similarly situated at the rate of one-and-one-half

(1½) times their regular hourly rate for all hours worked in excess of forty (40) hours in

each given workweek.

35.     While in Defendants' employ, Plaintiffs and others similarly situated

worked many overtime hours but was not properly compensated by Defendants as

required by the MWHL for those overtime hours worked.  Overtime pay is therefore due

and owing to Plaintiffs and others similarly situated under the MWHL.

36.     Defendants' failure to comply with their obligations under MWHL was

willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs and all

others similarly situated under Count IV of Plaintiffs' Complaint for unpaid overtime

wages in such amounts as are proven at trial, plus interest (both pre- and post-judgment),

reasonable attorney's fees, the costs of this action, and any other and further relief this

Court deems appropriate.

## COUNT V
**Unjust Enrichment**

37.     Plaintiffs reallege and reassert each and every allegation set forth in

Paragraphs 1-36 as if each were set forth herein.

38.     Habitually, over the court of the employment of Plaintiffs and others

similarly situated, Defendants made deductions from the pay of Plaintiffs and others

similarly situated.  Deductions made by Defendants included, but were not limited to,

deductions for radio usage, parking and traffic related tickets, and damage to Defendants'

automobiles, late fees, and "no show / no call" fees.  These deductions made by

Defendants reduced the amount of wages paid to Plaintiffs and others similarly situated

and were never authorized by Plaintiffs or others similarly situated.

39.     Defendants' taking of deductions from the pay of Plaintiffs and others

similarly situated, and failure and refusal to reimburse Plaintiffs and others similarly

situated, resulted in a failure by Defendants to pay Plaintiffs and others similarly situated

all wages due and promised for worked performed.

40.     Defendants have been unjustly enriched and Plaintiffs and others similarly

situated have been damaged by Defendants' unauthorized deductions from the pay of

Plaintiffs and others similarly situated.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs and

others similarly situated under Count V for damages in such amounts as are proven at

trial, interest (both pre- and post-judgment), the cost of this action, and for any other and

further relief this Court deems appropriate.

Respectfully submitted,

_____
Gregg C. Greenberg, No. MD17291
Meredith R. Philipp, No. MD29153
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zipinlaw.com
        mphilipp@zipinlaw.com

*Counsel for Plaintiffs*