# THE ZIPIN LAW FIRM LLC
### ATTORNEYS AT LAW

PHILIP B. ZIPIN*
GREGG C. GREENBERG*†
JOHN J. MCDONOUGH

*ALSO LICENSED IN WASHINGTON D.C.
†ALSO LICENSED IN VIRGINIA
ΔALSO LICENSED IN OHIO
¥ALSO LICENSED IN WEST VIRGINIA
#ALSO LICENSED IN NORTH CAROLINA

NANCY S. BREWER, OF COUNSEL *Δ¥#

8403 COLESVILLE ROAD
SUITE 610
SILVER SPRING, MARYLAND 20910
WWW.ZIPINLAW.COM

TELEPHONE (301) 587-9373
FACSIMILE (301) 587-9397

December 8, 2011

**BY ELECTRONIC FILING**
The Honorable John M. Facciola
United States District Court
for the District of Columbia
300 Constitution Avenue NW
Washington D.C., 20001

Re:  *BARRINGER et al v. U.S. ONE TRANSPORTATION et al.*
     Case Number: 1:10-cv-01656-RMU

Dear Magistrate Judge Facciola:

The parties have reached a settlement in the above-referenced matter.

The Complaint in this case contains claims under the Fair Labor Standards Act, as well as claims under the District of Columbia wage and hour laws. To properly finalize the settlement, the parties have memorialized the terms of their negotiated settlement in a written agreement, which the parties seek to submit to the Court by facsimile for the Court's *in camera* review and approval.

The Court's approval is required because the agreement is a settlement and release of claims under the Fair Labor Standards Act, which requires approval by the Court or the Department of Labor to be effective. *See, e.g., Schulte v. Gangi*, 328 U.S. 108 (1946); *Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Brask v. Heartland Automotive Services, Inc.*, No. 06-11 (RHK/AJB), 2006 WL 2524212, at *1-2 (D. Minn. Aug. 15, 2006); *Thornton v. Solutionone Cleaning Concepts, Inc.*, No. 06-1455, 2007 U.S. Dist. LEXIS 8683, at *10-11 (E.D. Cal. Jan. 25, 2007); *Manning v. N.Y. Univ.*, No. 98 Civ. 3300 (NRB), 2001 U.S. Dist. LEXIS 12697 (S.D.N.Y. August 21, 2001), *aff'd*, 299 F.3d 156 (2d Cir. 2002), *cert. denied*, 123 S. Ct. 2092 (2003) (citing *Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947); *Bracey v. Luray*, 161 F.2d 128 (4th Cir. 1947)).

The Court may approve a settlement of FLSA claims upon its determination that the settlement is fair and reasonable. *See e.g., Schulte*, 328 U.S. 108; *Lynn's Food Stores*, 679 F.2d at 1353; *Brask*, 2006 WL 2524212 at *2; *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003); *Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 604 n.2 (E.D. Va. 1999).

If the Parties' request is acceptable to the Court, the parties will promptly (1) submit the proposed settlement agreement by facsimile for the Court's *in camera* review and (2) file their Joint Motion for Approval of an FLSA settlement by ECF with a proposed Order.

Very truly yours,

Gregg C. Greenberg